IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DYLAN BOGLE**                                                                                          **PLAINTIFF**

v.                                         Case No. 3:22-CV-00108-LPR

**COREY BRASFIELD**                                                                                   **DEFENDANT**

<u>**ORDER**</u>

On January 10, 2023, Plaintiff filed a Motion to Dismiss Federal Claims and for Remand to State Court.[1] Apparently acknowledging that Rule 41 dismissals concern "actions" as opposed to "claims," Plaintiff now requests the Court treat the Motion as a Motion to Amend his Complaint.[2] Given that the Motion at issue was filed before the deadline for amendments to the pleadings, that Rule 15's standard is quite liberal, and that there will be no prejudice or undue delay to the Defendant, the Motion to Amend is GRANTED.[3] That means the federal claims are no longer a part of the Complaint.[4] Accordingly, and as an exercise of its discretion, the Court chooses to remand this case to the state court from whence it came.[5]

---

[1] Doc. 11.

[2] Pl.'s Resp. to Court Order (Doc. 17) at 3 n.2.

[3] Doc. 11.

[4] The Court is aware that Local Rule 5.5(e) requires that a "party who moves to amend a pleading" must "attach a copy of the amendment to the motion." And the Court recognizes that Plaintiff has not done so here. But Plaintiff has made clear that he "wishes to dismiss [his] [f]ederal claims, without prejudice, leaving only the [s]tate law claims remaining." Pl.'s Mot. to Dismiss Fed. Claims and for Remand to State Court (Doc. 11) ¶ 3. It was and is very clear to the Court and to Defendant that Plaintiff seeks removal of references in his Complaint to (1) the Fourth and Fourteenth Amendments to the United States Constitution in paragraphs 1 and 17, (2) substantive and procedural due process in paragraph 17, insofar as this reference is to the United States Constitution's Due Process Clause, (3) 42 U.S.C. § 1983 in paragraph 18, and (4) a failure-to-train claim in paragraph 22, insofar as this reference is to a failure-to-train claim brought pursuant to 42 U.S.C. § 1983. In this circumstance, failure to comply with Local Rule 5.5(e) can be overlooked. To the extent the Court missed any reference in the Complaint to federal law or the federal constitution, such references were also intended to be excluded from the "Amended Complaint."

[5] *See Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 933 (8th Cir. 2013) (district court has "discretion to decline jurisdiction when 'the district court has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))). The Court acknowledges Defendant's fee request, but does not think in these circumstances

IT IS SO ORDERED this 6th day of April 2023.

                                                      _____
                                                      LEE P. RUDOFSKY
                                                      UNITED STATES DISTRICT JUDGE

---

any order concerning fees is appropriate at this time.  If, when the case is back in state court, Plaintiff tries in any way to inject any federal claim into the mix, Defendant may remove the matter once again.